# United States District Court
## for the
## Western District of New York

*FILED JUL 28 2011 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY*

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 11 mj 619 |
| DAVID RUBIN | ) | |
| *Defendant* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

From, on or about the dates of <u>August 1, 2010 to the present,</u> in the county of <u>Monroe</u> in the Western District of New York, the defendant violated <u>18</u> U.S.C. § <u>Section 2252A(a)(2)(A)</u>, an offense described as follows:

the defendant, knowingly distributed and received child pornography that has been, using any means or facility of interstate or foreign commerce, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

This criminal complaint is based on these facts:

- Continued on the attached sheet.

*Complainant's signature*

Barry W. Couch
Federal Bureau of Investigation
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 28, 2010

*Judge's signature*

Honorable Jonathan W. Feldman
United States Magistrate Judge
*Printed name and title*

City and State: Rochester, New York

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

STATE OF NEW YORK  )
COUNTY OF MONROE   )
CITY OF ROCHESTER  )


I, Barry W. Couch, having been first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI). I have been a Special Agent for approximately two and one-half years. I am currently assigned to investigations involving crimes against children, as well as other criminal investigations. As part of my duties as a FBI Special Agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2252 and 2252A. I have participated in investigations of persons suspected of violating child pornography laws and have observed and reviewed numerous examples of child pornography as defined under Title 18, United States Code, Section 2256.

2. This affidavit is submitted for the limited purpose of establishing probable cause to believe that DAVID RUBIN, born XX/XX/71, while in the Western District of New York, knowingly

distributed and received child pornography that has been, using any means or facility of interstate or foreign commerce, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A (a)(2)(A).

3. The statements contained in this affidavit are based on my own personal knowledge and observation, my training and experience, and conversations with other law enforcement officers and witnesses. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that DAVID RUBIN did knowingly violate Title 18, United States Code, Section 2252A.

4. In November 2009, the Innocent Images Operations Unit (IIOU) of the FBI was informed by the U.S. Department of Justice, Child Exploitation and Obscenity Section (CEOS), that the website, http://grou.ps, was being used to distribute child exploitation images and videos.

5. Grou.ps is a social networking website that allows users to establish their own social networks. Among other

things, users can create profiles, participate in forums, and upload images, videos, or other files.  Further, users can invite other individuals to join via email. The more common sections of each group are the Home, My Profile, Forum, Members, Photos, Videos, Blogs, and Events sections; although users can add or delete others as they choose.

6.  Upon initial registration, a user must provide Grou.ps with a valid email address and unique group name.  A webpage for the group is then created as a subdirectory of the Grou.ps domain.  Grou.ps maintains logs for IP addresses, dates, times for any member who uploads images, videos, or other files to the website. Further, Grou.ps maintains logs of all private messages sent between members.

7.  Due to the initial information provide by CEOS, the IIOU opened a case that was a joint investigation conducted by the IIOU, Immigration and Customs Enforcement (ICE), and the U.S. Postal Inspection Service.  A total of 34 groups were identified as engaging in the distribution of child pornography.  In December 2009, a federal search warrant was executed on the Grou.ps website for these 34 separate groups.

8. As part of the investigation, Grou.ps provided CEOS with a web-based portal to allow law enforcement exclusive access to each of the groups. In response to the search warrant, Grou.ps also provided all logs and other available data in regards to the activity of each member of the identified groups. This data included IP logs for all members who uploaded files to the original 34 groups as well as all uploads by members to any additional groups they belonged to. Most users were members of more than one group.

9. As the investigation continued, hundreds of additional groups were identified as possibly engaging in the distribution of child pornography. Since November 2009, the National Center for Missing and Exploited Children (NCMEC) has received approximately 65-75 complaints per month in regards to child pornography being distributed via http://grou.ps. By August 2010, the number of groups identified through NCMEC complaints or the original investigation as possibly engaging in child exploitation grew to approximately 1,000. Due to this, in September 2010, the IIOU and Innocent Images Intelligence Unit (IIIU), FBI Headquarters, initiated an effort to review the complaints received by NCMEC each month and identify the most egregious groups. Due to the unlikelihood of obtaining identifying information on members of older groups, this process

began with complaints received in August 2010. Of the 73 total Cyber TipLine reports received by NCMEC in August, 12 were identified as having the most egregious child pornography.

10. An investigation was opened on September 14, 2010, and targeted the aforementioned 12 groups. On September 17, 2010, the IIOU issued search warrants to Grou.ps for these 12 groups. On October 18, 2010, Grou.ps provided all available data and logs. A review of the results revealed approximately 2,868 members of the 12 groups. Of those, 126 members uploaded at least one image and/or video to the original 12 groups. A total of 3,168 images and 178 videos were uploaded to the 12 groups by those 126 members.

It should be noted that these 12 groups appeared to have been established for the sole purpose of distributing and accessing child pornography.

11. One of the 12 aforementioned groups was "fotoslegaisparatodos." According to information provided by Grou.ps a member of the group "fotoslegaisparatodos" that had distributed child pornography was "rock.hate" with a listed e-mail address of "rock.hate@gmail.com." The member "rock.hate" uploaded images containing child pornography to the group "fotoslegaisparatodos." Further, "rock.hate" uploaded

5

approximately 215 images to additional groups on multiple occasions over a time period ranging from August 2009 to September 2010. The majority of these images contained child pornography and/or child erotica images. The logging information provided by Grou.ps showed that "rock.hate" utilized an IP address of 74.67.181.120 on August 1, 2010, to upload child pornography to Grou.ps group "fotoslegaisparatodos."

12. Subpoena results from Time Warner Cable/Road Runner showed that on August 1, 2010, at the times the child pornography was uploaded to Grou.ps group "fotoslegaisparatodos" by "rock.hate", the subscriber of IP address 74.67.181.120 was:

>David Rubin
>17 Karnes St
>Rochester, New York 14606

13. Subpoena results from Google Inc. showed that the subscriber of "rock.hate@gmail.com" from January 1, 2010 to December 16, 2010 was:

>David Rubin

14. On July 26, 2011, SA Couch reviewed images uploaded to Grou.ps group "fotoslegaisparatodos" by "rock.hate" on August 1, 2010, referred to in paragraph 12 of this affidavit. The following are some of the files SA Couch observed:

a. "20100801232934-jrzhhyhgreymzuwrc.jpg" An image showing two naked males approximately ten years old lying down. One of the males is laying on top of the other. The male on the bottom appears to have his erect penis inserted into the anus of the other male.

b. "20100801233342-jrzhhyhgreymzuwrc.jpg" An image showing two naked males approximately twelve years old on their knees facing each other. One of the males is grabbing his erect penis with his right hand.

c. "20100801233345-jrzhhyhgreymzuwrc.jpg" An image showing two naked males approximately twelve years old lying down next to each other. Both of the males are grabbing the other male's penis with their hand.

15. On July 28, 2011, SA Couch and TFO Brian Tucker interviewed DAVID RUBIN. RUBIN admitted to being "rock.hate" on the GROU.PS web site and admitted to uploading and downloading child pornography through use of the internet. RUBIN stated that his actions involving child pornography were, an "error in judgement." RUBIN stated that he had been involved with child pornography for approximately the last ten years. RUBIN

communicated that he started to move away from being involved with child pornography about a year ago, but has viewed child pornography since on web sites like "Nudist John." RUBIN also communicated that he would visit web sites like "Boy Cam Secrets" to view child pornography.

16. SA Couch showed RUBIN copies of the three images referenced in paragraph 14 of this affidavit. RUBIN said that he recognized all three images. RUBIN stated that he uses Time Warner Cable for internet service. RUBIN also stated that the child pornography was on his computer, a Microworx computer, that was located in the office of his residence at 17 Karnes Street, located to the right as you go into the front door of the residence. RUBIN said his Microworx computer was password protected, that he was the only one that used the computer, and that his wireless internet was password protected.

17. On July 28, 2011, the FBI executed a federal search warrant at 17 Karnes Street, Rochester, New York 14606. In a room that appeared to be an office of the residence, to the right after entering the front door, a Microworx desktop computer with identification number 37630, was located. Task Force Officer David Kron performed a forensic preview on the computer and located multiple images of child pornography, to include the two

images referenced in paragraph 14 (b) and (c) and in paragraph 16 of this affidavit. On the back of the computer is a sticker that says "MADE IN TAIWAN."

Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that DAVID RUBIN has violated Title 18, United States Code, Section 2252A (a)(2)(A), the knowing distribution and receipt of child pornography that has been, using any means or facility of interstate or foreign commerce, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

BARRY W. COUCH
Special Agent
Federal Bureau of Investigation

Sworn to before me this
28 day of July, 2011.

HON JONATHAN W. FELDMAN
United States Magistrate Judge

9